Curia, per

Earle, J.
In the argument here, the grounds taken for the non suit have not been discussed — and,the supposed defect in the plaintiff’s pleadings has not been brought to the view of this court. I shall consider the grounds fora new trial, supposing the application for non suit waived.
The first objection to the verdict is, that the presiding judge admitted in evidence, on the part of the plaintiff, an affidavit made by the defendant, charging the plaintiff with the same perjury which is imputed by the words set out in the declaration, on which an indictment was actually preferred. It seems to have been long and well settled, that the plaintiff, after proving the words laid in the declaration, may give in evidence other words not actionable, to show malice in the defendant; also, actionable words spoken 'after action brought: Miller v. Kerr, 2 M’C. 285. And it is laid down by Mr. Staririe in his treatise on evidence, as the result of tlie later cases,— “ For the purpose of proving malice, it seems that any acts or words, used by the defendant, tending to prove a malignant intention toward the plaintiff, are admissible in evidence, allhough the words so given in evidence, be in themselves actionable, and are not specified in the declaration, and although they were spoken subsequently to the words declared on.” Without yielding an unqualified assent to this proposition, in the broad terms in *176 which it is laid down, I think I may venture to say, that it is well enough settled, that the plaintiff, after proof of the words as laid, may sustain the allegation of malice, and sh'ow the quo animo they were published, by proving that the defendant made the charge the foundation of a criminal prosecution. It is true, that for this the plaintiff cannot recover damages in the action for words — but it is pregnant evidence of the malice with which the words were uttered. In the case at bar, it is shown that the affidavit had been made so long as to be barred, considering it as the foundation of an action for slander merely. It seems to me, however, to amount only to proof of the repetition of the same words, in a different form and with more deliberation. The case of Tate v. Humphrey, 1808, reported in a note to Finnerty v. Tipper, 2 Camp. R,. 72, is directly on the point. It was an action for words imputing perjury. To show the quo animo, the plaintiff offered in evidence a bill of indictment, which had been subsequently preferred by the defendant against him, and which the grand jury returned ignoramus. The defendant’s counsel objected that this was the subject of an action for malicious prosecution. But .Graham, B. received it as evidence to prove the malicious intent with which the words were spoken ; and on an application to set aside the verdict, the judges were of opinion that the evidence had been properly admitted. The ground of this decision was approved of by- Sir James Mansfield, who remarked that the case was rightly decided, “inasmuch as the circumstance of preferring the indictment was there proved to show the malice, and the indictment itself merely repeated the words for which the action was brought,” which I have already stated to be the true ground of its admissibility. I think, however, in cases of this kind, that the other actionable words which may be offered in evidence, merely to show malice, whether spoken or contained in an affidavit, should relate to the same species of crime, should impute a similar charge to that set forth in the words contained in the declaration, so as not to allow a plaintiff, on a declaration for words imputing perjury, to introduce other words, or an affidavit, charging him with larceny, highway robbery, or murder. Such a form of proceeding would indeed be a mere trap for the defendant, who would never know what he might be called on to establish — and might have damages assessed against him for words not set out, without being allowed an opportunity to prove their truth. The affidavit here is free from that objection, for it imputes the same perjury; and although it was not Subsequent to the words spoken, yet it seems to be immaterial whether before or after — for as evidence of malice, it is neither more nor less conclusive in the one case than in the other/ The court is of opinion that the evidence was properly received.
Wardlaw Sf Wardlaw, for the motion. Bamhett, contra.
The next ground for.a new trial is, that the defendant was not allowed to prove that the plaintiff had sworn falsely, on another occasion, in rendering an excuse for not attending muster. I apprehend it can hardly be necessary to discuss this question at the present day. By the practice of the courts in England, and in this State, the utmost latitude of defence is allowed in actions of slander — greater than I should be disposed to allow if the question were res integra, The defendant may justify and prove the plaintiff guilty of the crime imputed to him. If he be afraid to hazard that course, he may, under the general issue, (as from a masked battery,) prove, in mitigation of damages, facts and circumstances, going to show a ground of suspicion and belief. He may prove that the plaintiff was generally reported and suspected to be guilty of the crime imputed to him ; and he may prove that the plaintiff is a person of general bad character; and although he may not have committed that particular crime, yet he is not entitled to damages. This, in all conscience, ought to satisfy the most voracious appetite for defamation. To allow the defendant, in an action for words imputing one crime, and under the general issue, which simply denies the speaking, to prove that the plaintiff had been guilty of any other crime, even of the same nature, would be to deliver the plaintiff bound, hand and foot, to his adversary. It would render nugatory all the forms of practice and pleading, which experience has found necessary for the investigation of truth and to promote the end of justice ; for the plaintiff never could know what hidden transactions the industrious malice of his adversary might be prepared to drag into light. This question was made in Sawyer v. Eifort, 2 N. and M’C. 571; and, says Mr. Justice Nott — “ The evidence of a particular crime was properly rejected. A person cannot be supposed prepared to answer evidence of any particular offence. Besides, the fact that a man has committed one crime, does not furnish any excuse for a person, maliciously and without any cause of suspicion, to charge him with another,”
The evidence here was properly rejected, and the motion for a new trial is refused.
G-antt, Richardson, Harper, Butler, Evans, Johnston, Johnson, and DeSaussure, CC. and JJ. concurred. O’Neall, J. absent at the argument.